[927 NYS2d 42]

In the Matter of STEPHEN G. KENNEDY (Admitted as STEPHEN GEORGE KENNEDY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 30, 2011

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Scott D. Smith* of counsel), for petitioner.

*John C. Klotz*, New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Stephen George Kennedy was admitted to the practice of law in the State of New York by the Second Judicial Department on May 27, 1987. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (iii) suspending respondent from the practice of law based upon uncontested evidence of professional misconduct that immediately threatens the public interest.

In January 2010, the Committee opened an investigation into respondent's professional conduct after receiving a complaint from another attorney regarding a real estate deal between that attorney's present client, Herrato Real Estate LLC, and respondent's client, North Village Center, Inc. The parties entered into a contract of sale for the purchase of certain premises located in Rockville Centre, New York. Herrato, as purchaser, wrote a check for the contract down payment in the amount of $156,000 dated January 18, 2008, which respondent deposited into his escrow account. When the premises was not delivered on time, nor construction completed, litigation ensued. Herrato retained present counsel who complained to the Committee that respondent, among other things, failed to operate in good faith when he demanded prompt payment of Herrato's down payment and return of the escrowed funds. Respondent has neither returned the money, nor paid the money into court. In fact, respondent has not raised an objection concerning the return of the down payment.

On July 9, 2010, respondent appeared before the Committee for a deposition wherein he addressed the fact that he had not maintained the $156,000 down payment in his escrow account intact. During that deposition, respondent stated "I have the money. Not all of it is in my escrow account, but I have the money." When counsel for the Committee asked why the full amount was not in his escrow account, respondent stated: "Well, I move some things back and forth in covering some things, but the money is there. I will have it . . . when they tell me the thing's been resolved and who I have to pay."

Thereafter, the Committee served a subpoena on Citibank requesting copies of respondent's escrow account records for the

period December 2007 through July 2010 (the audit period). On July 27, 2010, the Committee sent a letter to respondent directing him to provide his escrow records for the audit period. Notwithstanding this letter request and several other verbal requests, the Committee has not received the requested escrow records from respondent.

In September 2010, Citibank provided the bank records and the Committee's investigative accountant created a ledger using bank statements, cancelled checks and deposit slips, reconstructing the account transactions for the audit period in order to identify the purpose of each transaction. By letter dated September 17, 2010, the Committee included a copy of this reconstructed ledger and asked respondent to fill in the missing "client matter" information for every deposit and disbursement listed on the spreadsheet. Respondent has failed to provide a full accounting. Notably, all of the unidentified transactions were checks issued by respondent to himself, which checks totaled more than $134,000. The bank records also show that on or about January 18, 2008, respondent deposited the $156,000 down payment check from Herrato and, as early as July 24, 2008, the balance in his escrow account improperly fell below that amount. Although more funds were added to increase the balance, it would decrease again so that by May 18, 2010, just over two years after he deposited the funds into his escrow account, the balance in that account had fallen to $29,761.05, approximately $125,000 less than the balance he was required to maintain with respect to the down payment.

On January 14, 2011, respondent appeared for a second deposition. At that time, he admitted, under oath, that he wrote checks to himself when he knew that the balance in his escrow account was below the amount required to be held on behalf of Herrato. He further admitted that at the time, he knew he was using funds belonging to Herrato and that he did not have permission from Herrato to make those withdrawals. Since some of these withdrawals were made years earlier, respondent stated he could not remember what the money was used for, although he presumed his withdrawals were used for personal or business expenses.

During this second deposition, the Committee questioned respondent about his system for maintaining his escrow account records, particularly since he was unable to identify the purpose of checks he had written to himself. Although respondent testified that he did retain bank statements and some deposit slips,

he conceded that sometime after May 2008 he stopped keeping a ledger, as required under Code of Professional Responsibility DR 9-102 (d) (22 NYCRR 1200.46 [d]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (d). Finally, when asked what was going through his mind when the balance in his escrow account kept decreasing, respondent testified:

> "I think it was a spiral I couldn't get control over. In light of the fact that I had the expectation of this money, other money arriving imminently as the cavalry over the hills to save the day, and when it didn't come in, I was still faced with this dilemma."

Additionally, the Committee's investigation revealed that since 2008, respondent had not filed a biennial attorney registration statement or paid the fees as required by 22 NYCRR 118.1.

The Committee has presented clear, uncontested evidence of respondent's professional misconduct which immediately threatens the public interest (*Matter of Ryans*, 37 AD3d 40 [2006]). In particular, his admitted conversion and/or misappropriation of escrow funds, his failure to maintain a ledger for his escrow account, and his inability or unwillingness to account for numerous escrow account transactions, presents a continuous pattern of misconduct which constitutes an immediate threat to the public interest, warranting interim suspension (22 NYCRR 603.4 [e] [1] [i]; *Matter of Jobi*, 56 AD3d 158 [2008]; *Matter of Blau*, 50 AD3d 240 [2008]).

Additionally, the respondent's failure to renew his registration and pay his biennial fees provides an additional basis for discipline (Judiciary Law § 468-a [5]; *Matter of Hest*, 308 AD2d 85 [2003]).

Of note is the fact that respondent's counsel has requested that any suspension imposed not take effect until 30 days from the date of the entry of our order of suspension. Counsel avers that respondent expects to receive a "substantial fee" for work already performed and that he will then be able to bring his IOLA account into balance.

There is no question here that respondent has committed serious misconduct which demands an immediate response in defense of the public interest (*see Matter of Wertis*, 307 AD2d 15, 18-19 [2003]). The rules of this Court provide that the order of suspension "shall be effective immediately" (22 NYCRR 603.4 [e] [2]). We have consistently held that immediate suspension is appropriate for this type of serious professional misconduct (*see*

*Matter of Pape*, 10 AD3d 40 [2004]). Given the uncontroverted evidence in this case, we see no reason not to do so here.

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (iii) should be granted and respondent suspended from the practice of law, effective immediately, and until such time as the disciplinary proceedings against respondent are concluded, and until further order of this Court.

MAZZARELLI, J.P., SWEENY, MOSKOWITZ, RENWICK and ROMÁN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.