*11 OPINION OF THE COURT
Per Curiam.
Respondent Stephen C. Jackson was admitted to the practice of law in the State of New York by the Second Judicial Department on May 27, 1987 under the name Stephen Curtis Jackson. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.
The Departmental Disciplinary Committee (Committee) seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (iii) suspending respondent from the practice of law based upon uncontested evidence of professional misconduct that immediately threatens the public interest.
In August 2009, the Committee opened an investigation into respondent’s professional conduct after receiving a complaint from a client who had sought respondent’s assistance in recovering approximately $107,000 that was confiscated from him in September 2008 by the United States Customs Department (Customs). The client alleged that he paid respondent a $5,000 retainer, but never received approximately $53,000, a refund that respondent received from Customs on his behalf. In response to the complaint, respondent explained that after negotiations with Customs, he received a check from them for $52,633.22 in settlement of the client’s case. Respondent stated, and his Citibank escrow account records confirm, that he deposited this sum on July 28, 2009. Respondent also stated that on or about August 28, 2009 he issued a check in the amount of $55,014.28 to the client, but that he stopped payment on the check when he realized that the amount was wrong, and that he was owed legal fees. Lastly, the respondent told the Committee that he had maintained the client’s money in his escrow account, and he provided purported copies of the relevant escrow account for the period July 2009 to October 2009 which reflect that the $52,633.22 was present.
The Committee subpoenaed the respondent’s escrow records for the same Citibank account over the same period of time, and discovered, among other discrepancies, that the day after the $52,633.22 deposit, respondent’s balance in the account fell to $50,731.23, below the amount required to maintain the integrity of his client’s funds.
On June 15, 2012, respondent was indicted pursuant to a criminal investigation involving his law practice. There is substantial overlap in the matters covered by the Committee’s investigation of respondent and the criminal indictment.
*12 For purposes of the instant motion for an immediate interim suspension, the Committee has presented clear, unrefuted evidence of respondent’s professional misconduct which immediately threatens the public interest (Matter of Kennedy, 87 AD3d 107 [1st Dept 2011]). The record before us reveals that respondent submitted an altered bank statement for an escrow account. The bank’s version of this same account reveals conversion and/or misappropriation of escrow funds. This misconduct alone constitutes a basis for concluding that respondent poses a threat to the public interest, warranting his immediate suspension.
Accordingly, the Committee’s motion pursuant to 22 NYCRR 603.4 (e) (1) (iii) should be granted and respondent suspended from the practice of law, effective immediately, and until such time as the disciplinary proceedings against respondent are concluded, and until further order of this Court.
Gonzalez, EJ., Mazzarelli, Andrias, Freedman and AbdusSalaam, JJ., concur.
Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.