[994 NYS2d 569]

In the Matter of ORITSEWEYIMI O. AYU, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 7, 2014

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy W. Parrino* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Oritseweyimi O. Ayu was admitted to the practice of law in the State of New York by the First Judicial Department on May 12, 2009. Although respondent's address listed with the Office of Court Administration is "Supreme Law Group, P.C.," with an address within the First Department, it appears that, at all times relevant to this proceeding, his business addresses have been in various locations in Maryland, where he resides.

The Departmental Disciplinary Committee seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (g), disbarring respondent from the practice of law on the ground that he has been suspended under 22 NYCRR 603.4 (e) (1) (ii) and (iii), and has not appeared or applied to the Committee or this Court for a hearing or reinstatement within six months from the date of the order of suspension.

The Committee served its suspension motion upon respondent at an address in Maryland which he provided to the Committee. The notice of motion contained the following notice:

> "PLEASE TAKE FURTHER NOTICE, that pursuant to 22 NYCRR 603.4 (g), an attorney who is suspended and who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice."

Notwithstanding being served with the interim suspension motion, respondent did not appear on the motion.

By order entered on December 12, 2013, this Court granted the Committee's motion and suspended respondent from the practice of law, effective immediately, and until further order of the Court (113 AD3d 196 [1st Dept 2013]). The order of suspension was based on respondent's substantial admissions under oath that he was not truthful in a prior deposition before the

Committee and in his law school and New York State bar applications, and other uncontested evidence of professional misconduct threatening the public interest, including engaging in the unauthorized practice of law (22 NYCRR 603.4 [e]).

On December 16, 2013, respondent telephoned the Committee and was advised by a staff attorney that he had been suspended and would shortly be served with a notice of entry of the suspension order. Respondent acknowledged that he had received the suspension motion and questioned whether he would be disbarred if he did not make an appearance within six months. Respondent was directed to the notice of motion, and its citation to 22 NYCRR 603.4 (g), and told that he would have to file papers after receiving the Committee's notice of entry.

On December 17, 2013, the Committee served respondent with the suspension order with notice of entry by first-class mail and certified mail, return receipt requested. The Committee received the signed receipt card for the notice of entry.

Respondent was subsequently served with the motion to disbar by first-class mail and certified mail, return receipt requested, at the address he provided to the Committee. Respondent did not timely respond. In his belated response, respondent has failed to establish that he previously submitted a timely motion for a hearing or reinstatement, and his claim that unidentified court personnel told him that he would be unable to apply for reinstatement because the matter was still pending before the Committee is not credible (*see Matter of Jones*, 89 AD3d 227 [1st Dept 2011]; *see also Matter of Cuber*, 30 AD3d 79 [1st Dept 2006]).

Accordingly, inasmuch as more than six months have elapsed since this Court's December 12, 2013 suspension order, and respondent has not timely appeared nor timely applied in writing to the Committee or this Court for a hearing or reinstatement, the Committee's motion for an order disbarring respondent, pursuant to 22 NYCRR 603.4 (g), should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

SWEENY, J.P., RENWICK, ANDRIAS, FEINMAN and CLARK, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.