[994 NYS2d 567]

In the Matter of PETER F. ANDERSON (Admitted as PETER FLOYD ANDERSON, JR.), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 7, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin M. Doyle* of counsel), for petitioner.

*Peter F. Anderson*, respondent pro se, no appearance.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on July 26, 1982, under the name Peter Floyd Anderson, Jr. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves for an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (ii) and (iii) immediately suspending respondent from the practice of law until further order of this Court, based upon substantial admissions under oath of misconduct and other uncontested evidence of professional misconduct, in the form of bank records, which immediately threatens the public interest.

Respondent was served with the Committee's motion, and he has failed to submit a response.

In September 2013, the Committee opened an investigation into respondent's professional conduct after receiving a complaint from a buyer in a real estate transaction who alleged that respondent failed to refund his $65,000 down payment in an aborted transaction. By answer dated October 13, 2013, respondent explained that he was contacted by a former client, Mr. Fraser, who requested that he represent an individual in the sale of property on St. Mark's Avenue in Brooklyn, NY. In October 2012, the contract of sale was executed and respondent deposited the $65,000 down payment at issue into his escrow account.

Thereafter, Fraser directed respondent to pay over to him $64,000, as a "finder's fee" not a contract deposit. Respondent made the payment of $64,000. Pursuant to Fraser's instructions, respondent issued two certified checks totaling $60,000— one check was disbursed to Agatrtron Realty LLC in the amount of $50,000 and $10,000 issued to Kennedy Funding. Respondent withdrew $4,000 in cash, and kept the remaining $1,000 out of the $65,000 in escrow, as his legal fee for the closing.

Due to title issues, the sale never closed. The buyer demanded that respondent return the $65,000 down payment. Respondent asserts that he notified Fraser of the buyer's demand and advised Fraser to contact the buyer. According to respondent,

Fraser was adamant that the $65,000 was a finder's fee. However, the contract of sale makes no reference to any finder's fee and the $65,000 at issue is denominated as a down payment. Fraser did not return the funds, and respondent has been unable to recover the $65,000 from Fraser.

On April 22, 2014, during his deposition before the Committee, respondent testified that he never requested permission from the client or his counsel to disburse the $65,000, nor did he inform them that he had disbursed the down payment. Further, respondent's bank records and deposition testimony evince other escrow related misconduct. Specifically, between September 2010 and December 2013, respondent made approximately 200 ATM cash withdrawals from his escrow account in varying amounts which totaled approximately $47,000. Respondent did not dispute the accuracy of the bank records and he admitted to leaving earned legal fees in his escrow account. Moreover, respondent admitted during his testimony that there are over $200,000 in tax liens entered against him.

Given respondent's admissions in his answers during his deposition, as well as the subpoenaed records of his escrow account, we find that the record presents evidence that respondent misappropriated and/or converted third-party funds, improperly made repeated ATM cash withdrawals from his escrow account, and commingled personal funds with client funds while $200,000 in tax liens loomed over any funds that he maintained outside of his escrow account. Such conduct constitutes professional misconduct that immediately threatens the public interest, thereby warranting his immediate suspension from the practice of law (see Matter of Getreu, 113 AD3d 148 [1st Dept 2013]; Matter of Kennedy, 87 AD3d 107 [1st Dept 2011]; Matter of Satta, 211 AD2d 65 [1st Dept 1995]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), effective immediately, until such time as disciplinary matters pending before the Committee have been concluded and until the further order of this Court.

MOSKOWITZ, J.P., DEGRASSE, FREEDMAN, CLARK and KAPNICK, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.