[15 NYS3d 306]

In the Matter of RICHARD M. ROTH (Admitted as RICHARD MARC ROTH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 18, 2015

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner.

*Richard M. Roth*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the Second Judicial Department on March 19, 1980, under the name Richard Marc Roth. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves for an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (ii) and (iii) immediately suspending respondent from the practice of law until further order of this Court, based upon substantial admissions under oath of misconduct and other uncontested evidence of professional misconduct, in the form of bank records, which immediately threatens the public interest.

Respondent was served with the Committee's motion, and he has failed to submit a response.

The Committee began its investigation when it received notice of respondent's misappropriation of client funds relating to two real estate transactions. In or about April 2013, respondent was retained to represent a husband and wife in the sale of their marital home. On June 6, 2013, respondent deposited a $35,000 down payment from the purchasers into his business account. Between June and September 2013—when the transaction closed—respondent disbursed the entire down payment for his personal use. At the closing, respondent issued a reimbursement check for $35,000 to his clients, the sellers.

The second misappropriation took place in or about December 2013. Initially, an executor hired respondent to represent an estate in the sale of a Manhattan townhouse owned by the decedent at the time of her death. The contract deposit was $41,323.05, but after deductions of estate-related expenses, the net amount came to $16,702.92. Respondent deposited the contract deposit into his business account. When the executor of the estate hired new counsel, the new counsel inquired about the contract deposit, and respondent answered by sending new counsel a business check for the net amount. The check, however, was dishonored for insufficient funds.

On December 19, 2014, during his deposition before the Committee, respondent testified that he did not establish an escrow account when he established a small real estate practice from his home in 2010. Prior to that, respondent worked for most of

his career as in-house counsel for a real estate investor. Respondent acknowledged that he never requested permission from his clients to make personal use of the two contract deposits. Respondent's explanation for his misconduct was that he was in the midst of financial and personal difficulties at the time the misappropriations of client funds took place.

Given respondent's admissions in his answers during his deposition, as well as the subpoenaed records of his business account, we find that the record presents evidence that respondent misappropriated and/or converted third-party funds and commingled personal funds with client funds. Such conduct constitutes professional misconduct that immediately threatens the public interest, thereby warranting his immediate suspension from the practice of law (*see Matter of Anderson*, 123 AD3d 86 [1st Dept 2014]; *Matter of Getreu*, 113 AD3d 148 [1st Dept 2013]; *Matter of Kennedy*, 87 AD3d 107 [1st Dept 2011]; *Matter of Satta*, 211 AD2d 65 [1st Dept 1995]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), effective immediately, until such time as disciplinary matters pending before the Committee have been concluded and until the further order of this Court.

SWEENY, J.P., RENWICK, ANDRIAS, MOSKOWITZ and GISCHE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.