[12 NYS3d 542]

In the Matter of PETER F. ANDERSON (Admitted as PETER FLOYD ANDERSON, JR.), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 30, 2015

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Kevin M. Doyle* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on July 26, 1982, under the name Peter Floyd Anderson, Jr. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (g), disbarring respondent from the practice of law, because he was suspended under 22 NYCRR 603.4 (e) (1) (ii) and (iii), and did not appear or apply to the Committee or this Court for a hearing or reinstatement within six months from the date of the order of suspension. Respondent was suspended based upon substantial admissions under oath of misconduct and other uncontested evidence of professional misconduct that he misappropriated and/or converted third-party funds, improperly made ATM cash withdrawals from his account, and commingled personal funds with client funds while $200,000 in tax liens had been entered against him.

The Committee served its suspension motion upon respondent and the notice of motion included the following warning:

> "PLEASE TAKE FURTHER NOTICE that pursuant to 22 NYCRR 603.4 (g), an attorney who is suspended and who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice."

Notwithstanding being served with the interim suspension motion, respondent did not appear on the motion.

By order entered on October 7, 2014, this Court granted the Committee's motion and suspended respondent from the practice of law, effective immediately, pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), and until further order of the Court (123 AD3d 86 [1st Dept 2014]). On October 14, 2014, the Com-

mittee served respondent with notice of entry enclosing a copy of the Court's order of suspension sending it by first-class mail and certified mail, and it was received by respondent on October 27, 2014, as evidenced by the signed return receipt.

Although respondent was served with the motion to disbar by first-class mail and certified mail, return receipt requested, no response has been received.

Accordingly, inasmuch as more than six months have elapsed since this Court's October 7, 2014 suspension order, and respondent has failed to appear or contact the Committee or this Court for a hearing or reinstatement, the Committee's motion for an order disbarring respondent, pursuant to 22 NYCRR 603.4 (g), should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately (*see Matter of Ayu*, 123 AD3d 44 [1st Dept 2014]; *Matter of Cohen*, 102 AD3d 55 [1st Dept 2012]; *Matter of Bambury*, 91 AD3d 141 [1st Dept 2011]).

SWEENY, J.P., MOSKOWITZ, DEGRASSE, CLARK and KAPNICK, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.