| Cedano v Aldi Inc. |
|---|
| 2026 NY Slip Op 30761(U) |
| March 3, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 159688/2024 |
| Judge: Phaedra Perry-Bond |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

PRESENT: **HON. PHAEDRA F. PERRY-BOND** PART 35

*Justice*

-----------------------------------------------------------------------X

ERIK CEDANO, TAMMY CUMMINGS, PHYLLIS THOMPSON, KATRINA FRIEBEL, and SHERRIE ROBERTS, individually and on behalf of all others similarly situated

| | |
|---|---|
| INDEX NO. | 159688/2024 |
| MOTION DATE | 04/03/2025 |
| MOTION SEQ. NO. | 003 |

Plaintiffs,

- v -

ALDI INC.,

**DECISION + ORDER ON MOTION**

Defendant.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 18, 19, 20, 21, 22, 23, 24, 26, 27, 29

were read on this motion to/for _____DISMISS_____ .

Upon the foregoing documents, Defendant's motion to dismiss Plaintiffs' Amended Complaint is granted.

## I. Background

Plaintiffs sue Defendant for selling deceptively labeled microwavable macaroni and cheese. The specific product in question is called "Express Mac" (hereinafter the "Product") (*see* NYSCEF Doc. 17). The Product is sold as a pack of four 2.05-ounce microwavable bowls. The Product is heavily marketed for its convenience – noting in large font it is "microwaveable" followed by the representation that the Product is "ready in minutes" and requires the chef to "just add water" followed by the advertisement that it is "made with real cheese." Plaintiffs claim the Product misled them because although it states it is "made with real cheese" the ingredients of "real cheese" are present in only a *de minimis* amount. Plaintiffs further allege the Product is sold at a "premium price" of approximately $3.85 (divided by the four cups of instant macaroni and

[* 1]

cheese, this equates to roughly 96 cents per cup). Based on these allegations, Plaintiffs allege violations of New York General Business Law ("GBL") §§ 349 and 350.

Defendant moves to dismiss, arguing that GBL § 349 requires the defendant's act or practice to be deceptive in some material way, and reasonable consumers would not be deceived in any material way by the "made with real cheese" representation given the context of the Product. Moreover, Defendant argues the macaroni and cheese at issue is indisputably made with "real cheese" and consumers can review the ingredient list on the back of the package to ascertain the amount of cheese in the Product. Plaintiff opposes and argues a reasonable consumer seeing the "made with real cheese" label would be deceived as they would expect that real cheese was the predominant or exclusive non-macaroni ingredient. The motion to dismiss is granted.

## II. Discussion

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). However, conclusory allegations or bare legal conclusions with no factual specificity are insufficient (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.,* 29 NY3d 137, 142 [2017]). A motion to dismiss based on documentary evidence is appropriately granted when the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*Goshen v Mutual Life Ins. Co. of New York*, 98 NY2d 314 [2002]).

The motion to dismiss the GBL §§ 349 and 350 claims is granted. To adequately allege a deceptive business practice in violation of GBL § 349, a plaintiff must allege (1) the complained

159688/2024 CEDANO, ERIK vs. ALDI INC.
Motion No. 003

Page 2 of 5

[* 2]

of conduct was consumer-oriented; (2) the defendant's act or practice was misleading in a material way; and (3) injury arising from the deception (*see Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP, v Matthew Bender & Co., Inc.*, 37 NY3d 169, 176 [2021]). To constitute a "material" deception, it must be alleged that the conduct was "likely to mislead a reasonable consumer acting reasonably under the circumstances" (*Mantika v Kellogg Co.*, 910 F3d 633, 636 [2d Cir 2018] citing *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, N.A.*, 85 NY2d 20, 25-27 [1995]). The "under the circumstances" part of the "materiality" test requires an analysis of the allegedly deceptive act in the context of the product, and in conducting this analysis the Court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer (*Fink v Time Warner Cable*, 714 F3d 739, 741 [2d Cir. 2013] citing *Oswego, supra* at 26). "[A] party does not violate GBL 349 by simply publishing truthful information and allowing consumers to make their own assumptions about the nature of the information" (*see Gomez-Jimenez v New York Law School*, 103 AD3d 12, 17 [1st Dept 2012]).

As a preliminary matter, there is no dispute that the Product contains "real cheese" (specifically cheddar cheese) – this lawsuit is instead over whether there is so little "real cheese" in the Product that the "made with real cheese" advertisement on the packaging is materially deceptive. By placing itself in the shoes of a reasonable consumer, the Court finds the Product's "made with real cheese" advertisement is not materially misleading (*see also Raphael v Schwan's Consumer Brands, Inc.*, 87 Misc.3d 1260[A] [Sup. Ct., Kings County 2025] [Maslow, J.] [granting motion to dismiss on GBL §§ 349-350 based on allegedly *de minimis* amount of cream cheese included in whipped cheesecake desert]). This is especially the case because the Product was not refrigerated and does not even appear to have an expiration date, indicating it would be almost impossible for the Product to contain large amounts of real and fresh cheese.

159688/2024   CEDANO, ERIK vs. ALDI INC.
Motion No. 003

Page 3 of 5

3 of 5

[* 3]

As held by the First Department, when the GBL § 349 violation is predicated on a truthful statement, consumers can make their own assumptions about the nature of that statement (*Gomez-Jimenez v New York Law School*, 103 AD3d 13, 17 [1st Dept 2012]). No reasonable consumer purchasing a four-pack of instant microwavable macaroni & cheese that sells for under $1 a cup, and requires only water be added to it, would assume the Product contains predominantly real cheese. (*see also Gay v Walmart, Inc.*, 2026 WL 26711 at *3 [Sup. Ct., Westchester County 2026] [Clerkin, J.]). This is especially the case since the ingredient list clearly shows the prominence of cheese in the product, and where cheese powder containing cheddar cheese is listed second on the ingredient list (*see also Davis v Schwan's Consumer Brands, Inc.*, 742 F.Supp.3d 400, 408-409 [SDNY 2024] [unreasonable for plaintiff to interpret statements about butter to mean there is more butter in the crust than other shortening]). Nor is there any representation that the Product contains misleading data about the quantity of real cheese in it (*see Corcino v Filstein*, 32 AD3d 201, 201-202 [1st Dept 2006] [GBL § 349 claim dismissed where noting in advertisement was false or misleading, such as misleading statistics]). Therefore, the alleged violations of GBL § 349 fail as a matter of law.

The GBL § 350 claim is likewise dismissed. A GBL § 350 claim mirrors a GBL § 349 claim in that both claims require an allegedly deceptive act or practice that is "likely to mislead a reasonable consumer acting reasonably under the circumstances" (*see Scott v Bell Atlantic Corp.*, 282 AD2d 180, 183-184 [1st Dept 2001]). Because Plaintiffs fail to allege a reasonable consumer purchasing the Product would reasonably believe that the Product, microwavable instant macaroni & cheese selling for under $1 a cup, contains mainly real cheese, the GBL § 350 claim is also dismissed.

Accordingly, it is hereby,

ORDERED that Defendant's motion to dismiss Plaintiffs' Amended Complaint is granted, and the Amended Complaint is hereby dismissed; and it is further

ORDERED that within ten days of entry, counsel for Defendant shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

_____3/3/26_____
DATE

HON. PHAEDRA F. PERRY-BOND, J.S.C.

| CHECK ONE: | | |
|---|---|---|
| | [x] CASE DISPOSED | [ ] NON-FINAL DISPOSITION |
| | [x] GRANTED    [ ] DENIED | [ ] GRANTED IN PART    [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | [ ] SUBMIT ORDER |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | [ ] FIDUCIARY APPOINTMENT    [ ] REFERENCE |