[623 NYS2d 111]

In the Matter of RICHARD J. RUBIN (Admitted as RICHARD JEFFREY RUBIN), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 23, 1995

APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Richard J. Rubin was admitted to the practice of law in New York by the First Judicial Department on May 8, 1968 under the name Richard Jeffrey Rubin.

By order entered March 8, 1994, this Court suspended respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) based upon his willful failure to cooperate with the Committee in its investigation of allegations of professional misconduct *(Matter of Rubin,* 196 AD2d 145). Although a copy of this Court's order with notice of entry was served upon respondent, respondent has not appeared or applied in writing to the Court or the Committee for a hearing or reinstatement. Petitioner thereupon brought the within motion seeking an order pursuant to 22 NYCRR 603.4 (g) disbarring respondent and striking his name from the roll of attorneys to which respondent has similarly failed to respond.

Rules of this Court (22 NYCRR) § 603.4 (g) provides as follows: "(g) An application for suspension pursuant to paragraph (e) (1) of this section may state that an attorney who is suspended and who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of an order of suspension may be disbarred. If an application does state the foregoing, and the respondent does not appear or apply in writing to the Committee or the Court for a hearing or reinstatement within six months of the suspension date, the respondent may be disbarred without further notice."

Respondent's failure to respond to the notice of motion to suspend for failure to cooperate which contained the notice to disbar as provided in section 603.4 (g), as well as to the order of suspension itself and, now, to the notice of motion to disbar clearly warrants his disbarment pursuant to this section. Accordingly, petitioner's motion should be granted, and respondent's name should be stricken from the roll of attorneys pursuant to Rules of this Court (22 NYCRR) § 603.4 (g).

SULLIVAN, J. P., ROSENBERGER, ELLERIN, KUPFERMAN and ASCH, JJ., concur.

Motion granted, and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, effective February 23, 1995, as indicated.