[674 NYS2d 306]

In the Matter of DANNY K. CHADI, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 11, 1998

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Danny K. Chadi,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Danny K. Chadi was admitted to the practice of

law in the State of New York by the First Judicial Department on July 7, 1986. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

Previously, the Departmental Disciplinary Committee moved for respondent's suspension pursuant to 22 NYCRR 603.4 (e) (1) (i) on the basis he engaged in professional misconduct immediately threatening the public interest as demonstrated by his failure to cooperate with the Committee in its investigation. In an order of October 2, 1997 (223 AD2d 73), this Court granted that motion and suspended respondent from the practice of law directing him to fully comply with the provisions of Rules of this Court (22 NYCRR) § 603.13. The Committee's suspension motion also included the following notice: "Please take further notice, that pursuant to 22 N. Y.C.R. R. 603.4 (g), an attorney who is suspended and who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice."

To date, respondent has not appeared nor has he applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension. Accordingly, respondent should be disbarred (*see, Matter of Gutstein*, 219 AD2d 330; *Matter of Reilly*, 219 AD2d 96; *Matter of Teah*, 211 AD2d 376; *Matter of Flanagan*, 211 AD2d 75; *Matter of Rubin*, 208 AD2d 192). While respondent has opposed the instant motion, as noted, he has not technically complied with 22 NYCRR 603.4 (g) by "appear[ing] or apply-[ing] in writing to the Committee or the Court for a hearing or reinstatement." Moreover, in his opposition, respondent solely offers unsupported and conclusory defenses to the allegations against him. He has ignored the Committee's request for information and he has disobeyed its subpoenas. Thus, even in the face of the interim suspension and the prospect of disbarment, respondent has refused to cooperate with the Committee.

Accordingly, the motion by the Committee for an order disbarring respondent in accordance with 22 NYCRR 603.4 (g) is granted.

SULLIVAN, J. P., MILONAS, NARDELLI, WILLIAMS and TOM, JJ., concur.

Petitioner's motion granted, and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, effective June 11, 1998.