[693 NYS2d 40]

In the Matter of MITCHIL O. BECHET (Admitted as MITCHIL BECHET), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 15, 1999

## APPEARANCES OF COUNSEL

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the New York Bar at the Appellate Division, First Judicial Department, in 1994, and has practiced law within this Department at all relevant times since then.

In April 1997 respondent was retained by a refugee couple from Yugoslavia seeking political asylum and American and Canadian work authorization papers. The fact that the couple's small children were still in Yugoslavia highlighted the urgency of their situation. The clients delivered to respondent $1,204 in application fees made payable to the Canadian Consulate General, and over the course of his representation they paid him legal fees totaling $5,750. However, respondent never obtained the necessary papers for his clients. Indeed, he concealed from them the fact that two submissions of their asylum applications had been returned by the Immigration and Naturalization Service as incomplete. When they learned in March 1998 that the Canadian Consulate General had no record of ever receiving applications on their behalf for work authorization, they filed a formal complaint with petitioner Departmental Disciplinary Committee.

Respondent has not cooperated with petitioner's investigation. He was granted a last-minute adjournment of his deposition under subpoena, but later informed petitioner that he would not be honoring the subpoena. Instead, he wrote that he was in the process of "wind[ing] down" his immigration practice, and offered petitioner his "apology" for any "appearance of impropriety" or disrespect. Respondent acknowledged that his conduct would probably lead to his suspension from practice; nevertheless, he has failed to respond to the instant petition.

The failure to appear before the Committee in response to a subpoena evinces shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful effort to impede the investigation (*Matter of Gordon*, 142 AD2d 135). Such failure to cooperate constitutes professional misconduct that threatens the public interest (22 NYCRR 603.4 [e] [1]), warranting immediate suspension from the practice of law (*Matter of Hickey*, 231 AD2d 174).

Accordingly, petitioner's motion should be granted. Respondent should be suspended from practice immediately, and until the further order of this Court.

ROSENBERGER, J. P., WILLIAMS, TOM, WALLACH and BUCKLEY, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective immediately, until

such time as disciplinary matters pending before the Departmental Disciplinary Committee have been concluded, and until the further order of this Court.