[707 NYS2d 459]

In the Matter of JAMES A. REAVES (Admitted as JAMES ANDREW REAVES), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 25, 2000

#### APPEARANCES OF COUNSEL

*Jorge Dopico* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent, James A. Reaves, was admitted to the practice of law in the State of New York by the First Judicial Depart-

ment on March 25, 1974, as James Andrew Reaves. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

By decision and order entered October 22, 1998 (*Matter of Reaves*, 250 AD2d 37), this Court suspended respondent from the practice of law, pending further disciplinary investigation, based upon his willful failure to cooperate with the Departmental Disciplinary Committee's investigation of allegations that he had neglected a client's affairs. That complaint was dismissed upon respondent's promise to turn over the file to his client. However, the Committee reopened the investigation after discovering that respondent had caused the dismissal of his client's case by failing to appear for a deposition. The Committee alleged that respondent had seriously neglected his client's case and that he had not been honest with the Committee about the consequences of his failure to appear.

During the course of the Committee's investigation, respondent failed to respond to two letters sent by the Committee and also failed to reschedule the deposition for which he was subpoenaed. After repeatedly informing him that his continued lack of cooperation would lead to his suspension, the Committee moved to suspend respondent by motion dated July 8, 1998. The notice of motion further stated that pursuant to 22 NYCRR 603.4 (g), an attorney who does not appear or apply in writing for a hearing or reinstatement within six months from the date of his suspension may be disbarred without further notice. Respondent did not answer the motion.

Shortly after his suspension, respondent telephoned Committee staff to express his intention to seek reinstatement. However, he has not applied in writing to the Committee or the Court for a hearing or reinstatement. Due to his failure to apply within six months from the date of his suspension, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 603.4 (g) should be granted, and respondent's name should be stricken from the roll of attorneys in the State of New York, effective immediately (*Matter of Tucker*, 241 AD2d 250).

ROSENBERGER, J. P., ELLERIN, WALLACH, ANDRIAS and SAXE, JJ., concur.

Motion granted and respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.