[713 NYS2d 735]

In the Matter of MITCHIL O. BECHET (Admitted as MITCHIL BECHET), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 5, 2000

## APPEARANCES OF COUNSEL

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Mitchil O. Bechet*, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the Bar in New York in 1994, at the Appellate Division, First Department, and has practiced law within this Department at all relevant times since then.

In July 1999, respondent was suspended from practice for failure to cooperate with petitioner Departmental Disciplinary Committee's investigation into allegations of his neglect of immigration matters he was handling (259 AD2d 113), and the Court of Appeals has dismissed respondent's appeal (95 NY2d 849). Since that time, respondent has failed to appear for scheduled hearings, prompting petitioner now to seek respondent's disbarment.

Respondent repeats that he justifiably ignored petitioner's "unreasonable and unlawful" probe because it was racially motivated, it violated his constitutional right against self-incrimination in these "quasi-criminal proceedings," and his engagement in immigration counseling did not constitute practicing law in the first place. These arguments are without merit. This Court has repeatedly disciplined attorneys for neglect in connection with immigration matters (*Matter of Evangelista*, 233 AD2d 1; *Matter of Singh*, 195 AD2d 197; *Matter of Denhoffer*, 127 AD2d 230; *Matter of Hunter*, 120 AD2d 214).

Respondent defied an order of this Court, issued April 18 of this year, directing him to appear for a deposition in connection with this investigation. Petitioner served that order on respondent with a notice that failure to comply would result in renewal of the petition for disbarment, in accordance with 22 NYCRR 603.4 (g). Defiance of that order warrants sanction, even aside from respondent's unconvincing challenge to petitioner's investigative authority. His opposition to petitioner's motion does not meet the regulatory requirement to "appear[ ] or appl[y] in writing to the Committee or the Court for a hearing or reinstatement [within] six months [of] the date of the order of suspension" (*see, Matter of Chadi*, 243 AD2d 78).

Respondent's cross motion to dismiss this proceeding should be denied. Petitioner's motion should be granted, respondent disbarred, effective immediately, and his name ordered stricken from the roll of attorneys authorized to practice law in this State.

ROSENBERGER, J. P., WILLIAMS, TOM, WALLACH and BUCKLEY, JJ., concur.

Motion granted, respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof. Cross motion to dismiss proceeding and for other relief denied.