[932 NYS2d 37]

In the Matter of JANEEN S. JONES (Admitted as JANEEN SYKIE JONES), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 1, 2011

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin E.F. O'Sullivan* of counsel), for petitioner.

*Janeen S. Jones,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Janeen S. Jones was admitted to practice law in the State of New York by the Second Judicial Department on July 25, 2001 under the name Janeen Sykie Jones. At all times relevant to this proceeding, respondent maintained an office within the First Judicial Department.

By motion dated November 18, 2010, the Departmental Disciplinary Committee (DDC) seeks an order disbarring respondent from the practice of law pursuant to 22 NYCRR 603.4 (g) on the grounds that she has been suspended from the practice of law for failure to cooperate pursuant to 22 NYCRR 603.4 (e) (1) (i), and has neither appeared nor applied to the DDC or the Court for a hearing or reinstatement for six months from the date of this Court's order of suspension dated May 11, 2010 (74 AD3d 1 [2010]). The order of suspension was based upon respondent's failure to cooperate with the DDC's investigation into disciplinary complaints that were filed against her alleging professional misconduct.

The DDC asserts that respondent, a suspended attorney, has not filed proof of compliance or supplied her current address, as required under 22 NYCRR 603.13 (f). The DDC states that respondent was on notice that she was required to make contact with the DDC or the Court within six months from the date of the order of suspension (May 11, 2010) and since she has failed to do so, she should be disbarred. The DDC further asserts that respondent was aware of the six-month limitation since it was contained in the September 18, 2009 notice of motion to suspend. Respondent's then counsel also contacted respondent regarding the suspension order in July 2010 by letter and by e-mail, but the letter was returned and there was no response to the e-mail. The DDC served the respondent with notice of entry of the suspension order at a Manhattan address based on evidence that she was at that location. Although the certified envelope was returned, the first-class envelope was not returned.

In lieu of opposition papers, respondent's counsel filed a motion, dated December 22, 2010, seeking to be relieved as counsel of record for respondent and adjourning the DDC's motion to disbar to allow her to retain new counsel or to appear pro se, should the motion to withdraw be granted. Counsel asserted

that the attorney-client relationship had deteriorated due to respondent's failure to provide an address or respond to numerous communications.

On January 14, 2011, 10 days after the return date for counsel's motion, respondent filed late papers requesting that counsel's motion to be relieved and the DDC's motion to disbar be denied for improper service, or that she be granted additional time in order to obtain new counsel. By order entered February 17, 2011 (2011 NY Slip Op 64377[U]), this Court granted the motion to the extent of relieving respondent's counsel, and adjourned the DDC's motion to disbar respondent until April 15, 2011.*

By cross motion dated April 8, 2011, respondent submitted her affidavit in opposition to the DDC's motion and in support of an order staying this proceeding pending the outcome of a purported motion to renew and reargue the May 11, 2010 suspension order. Respondent claims that she sent a letter to the DDC in August 2010 requesting a hearing. She states that she also sent a letter to her counsel requesting that they submit a request for a hearing on her behalf, and providing them with her New Jersey address. Respondent further claims that the reason she did not provide a valid address to the DDC is that she wanted to prevent the discovery of her location by a stalker. Respondent also denies any misconduct with regard to the disciplinary complaints filed against her.

In opposition to respondent's cross motion, the DDC asserts that it did not receive her letter of August 2010, and that the stay should be denied. The DDC asserts that respondent has been aware of the proceedings against her since September 2009 and has not yet provided a response to the complaints.

Pursuant to 22 NYCRR 603.4 (g), the DDC may apply for disbarment when an attorney has been suspended and has not appeared or applied in writing to the DDC or the Court for a hearing or reinstatement for six months from the date of an order of suspension. It is undisputed that respondent failed to file an affidavit of compliance as directed by this Court's prior order of suspension (see 22 NYCRR 603.13 [f]). Although respondent purports to have sent a letter to the DDC in August 2010, she does not provide any proof of mailing, and the DDC denies ever receiving such a letter. Moreover, her counsel's communications to this Court indicate that they also did not receive the correspondence she claims to have sent to them.

---

* Respondent is proceeding pro se.

Although she is not required to provide proof of mailing, her failure to do so, particularly in the face of imminent disbarment together with the failure of both letters to reach their destinations, calls into question whether any such correspondence was mailed. Respondent also concedes that despite not getting any response from either the DDC or her counsel, she did not make any further attempts to contact the DDC (*see Matter of Reaves*, 271 AD2d 151 [2000] [attorney who telephoned (DDC) after suspension to express intention to seek reinstatement, disbarred when he did not apply in writing for a hearing]).

Furthermore, the address she provided to the DDC in her purported August 2010 letter was invalid since she concedes she was evicted from that location the following month. Thus, from September 2010 to January 2011, the DDC again had no current address for respondent.

Moreover, respondent has yet to formally answer the disciplinary complaints filed against her three years ago. Her general explanations in her cross motion, without any supporting documentation, are insufficient and we decline to consider them (*see e.g. Matter of Chadi*, 243 AD2d 78, 79 [1998] [attorney who opposed disbarment by offering "unsupported and conclusory defenses to the allegations against him" was disbarred]).

As to respondent's request for a stay of proceedings pending the outcome of a motion to renew and reargue, there is no such motion filed with this Court. Moreover, even had she filed such a motion, it would have been untimely.

Accordingly, inasmuch as more than six months have elapsed since the date of this Court's suspension order, and there is no evidence that respondent either appeared or applied in writing to the DDC or this Court for a hearing or reinstatement, the DDC's motion for an order disbarring respondent pursuant to 22 NYCRR 603.4 (g) should be granted (*see e.g. Matter of Fletcher*, 70 AD3d 63 [2009]; *Matter of Burke*, 62 AD3d 94 [2009]; *Matter of Kennedy*, 55 AD3d 169 [2008]; *Matter of Lopez*, 53 AD3d 198 [2008]), her cross motion to stay the proceedings denied, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.

MAZZARELLI, J.P., ANDRIAS, SAXE, CATTERSON and ACOSTA, JJ., concur.

Respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.