[61 NYS3d 224]

In the Matter of ROBERT ANTHONY EVANS, JR., a Suspended Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 28, 2017

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Kevin M. Doyle* of counsel), for petitioner.

*Howard Benjamin*, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Robert Anthony Evans, Jr. was admitted to the practice of law in the State of New York by the First Judicial Department on May 10, 2004. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.

By motion dated April 27, 2016, the Attorney Grievance Committee (Committee) sought respondent's immediate suspension from the practice of law pursuant to former 22 NYCRR 603.4 (e) (1) (i) based upon his failure to cooperate with the Committee's sua sponte investigation into a dishonored check drawn against his IOLA account.

The Committee's notice of motion included the following language:

> "PLEASE TAKE FURTHER NOTICE that pursuant to 22 NYCRR 603.4 (g), an attorney who is suspended and who has not appeared, or applied in writing to the Committee or this Court for a hearing or reinstatement, for six months from the date of the order of suspension, may be disbarred without further notice."

Respondent submitted an affidavit in opposition raising numerous mitigating factors.

By order entered July 14, 2016, this Court granted the Committee's motion and suspended respondent from the practice of law, effective immediately, and until further notice of the Court (142 AD3d 122 [1st Dept 2016]). This Court found an interim suspension was warranted where respondent failed to fully cooperate with the Committee's investigation by failing to complete an Excel spreadsheet documenting his IOLA account, failing to explain the shortfalls in his IOLA account after receiving a $225,000 downpayment he deposited in connection with the sale of his clients' apartment, and failing to answer the Committee's inquiry as to his alleged conversion of $139,000 in escrowed client funds.

On July 14, 2016, the Committee served respondent with a notice of entry enclosing a copy of this Court's order of suspension. The notice of entry was served on counsel for respondent by first-class mail and certified mail return receipt requested.

The certified mail receipt was signed and returned to the Committee.

Now, the Committee seeks an order disbarring respondent, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b) (formerly 22 NYCRR 603.4 [g]), on the grounds that he has been suspended under former 22 NYCRR 603.4 (e) (1) (i) (now 22 NYCRR 1240.9 [a] [3]) and has "failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension" (22 NYCRR 1240.9 [b]). The notice of motion provided that any response to the motion was due on or before June 19, 2017. Respondent's counsel was served with this motion by first-class mail and certified mail, return receipt requested.

On July 10, 2017, this Court received reply papers from the Committee responding to an affidavit in opposition of respondent dated July 3, 2017. As this Court later ascertained, although respondent was still represented by counsel, respondent had sworn to the affidavit himself and served it on the Committee, two weeks after the June 19 due date, but did not file the affidavit with this Court. Upon learning of respondent's affidavit in opposition, this Court contacted respondent's counsel, who then submitted the affidavit to this Court.

Respondent's affidavit in opposition is not only untimely, but it presents no meritorious arguments warranting denial of the Committee's motion to disbar pursuant to 22 NYCRR 1240.9 (b). Although respondent acknowledges that he received a copy of this Court's July 14, 2016 order of suspension and that he is represented by experienced and competent counsel, he proffers only conclusory or incredible explanations for his failure to appear or apply in writing for a hearing or reinstatement within six months from the date of the order of suspension. Additionally, not only during that six-month period, but to this day, respondent has taken no steps to provide the Committee with any of the information it has sought from him, notwithstanding the fact that his failure to comply with the Committee's requests resulted in his suspension in the first instance. Respondent's attempt to shift the blame from himself to the Committee for not providing him with guidance as to what actions he should have taken or what information he should have provided is unconvincing. The Committee's April 27 notice of motion clearly set forth that his failure to appear or apply in writing for a hearing or reinstatement within six months from

the date of the order of suspension would render him subject to disbarment, and our suspension decision lists the information and explanations respondent was to provide to the Committee.

Respondent's contention that he lacked the time and resources to seek reinstatement during the six-month period due to his involvement in campaign and fundraising activities related to his 2016 Congressional candidacy lacks credibility, as the six-month period did not expire until mid-January 2017, more than two months after the November 2016 general election was held. Respondent's claim that he devoted his time following the election to raising money to retire his campaign debt is belied by Federal Election Commission records, which show that his campaign incurred no debt. Furthermore, since respondent's July 2016 interim suspension, the Committee has received a new complaint against him, which he has failed to answer.

Under the circumstances presented here, where respondent has failed to take any steps to appear before the Committee within the six-month period, has filed an untimely affidavit in opposition in which he asserts conclusory and incredible defenses and has failed to answer a post-suspension complaint against him, disbarment is warranted (*see Matter of Ayu*, 123 AD3d 44 [1st Dept 2014]; *Matter of Jones*, 89 AD3d 227 [1st Dept 2011]; *Matter of Bechet*, 275 AD2d 138 [1st Dept 2000], *appeal dismissed* 96 NY2d 730 [2001]; *Matter of Chadi*, 243 AD2d 78, 79 [1st Dept 1998]).

Accordingly, inasmuch as more than six months have elapsed since this Court's July 14, 2016 suspension order, and respondent has neither responded to nor appeared for further investigatory or disciplinary proceedings, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9 (b) should be granted and his name stricken from the roll of attorneys in the State of New York, effective immediately.

Acosta, P.J., Sweeny, Manzanet-Daniels, Kapnick and Kahn, JJ., concur.

Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.