Matter of Rosenbaum (2018 NY Slip Op 02584)





Matter of Rosenbaum


2018 NY Slip Op 02584


Decided on April 17, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

John W. Sweeny, Jr., Justice Presiding,
Sallie Manzanet-Daniels
Richard T. Andrias
Barbara R. Kapnick
Troy K. Webber, Justices.


M-5522

[*1]In the Matter of Stephan L. Rosenbaum, a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Stephan L. Rosenbaum, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Stephan L. Rosenbaum, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 25, 1972.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Naomi F. Goldstein, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Stephan L. Rosenbaum was admitted to the practice of law in the State of New York by the Second Judicial Department on February 25, 1972. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.
By order of November 20, 2013, we suspended respondent from the practice of law as part of a mass suspension proceeding for failure to file attorney registration statements and pay biennial registration fees in violation of Judiciary Law § 468-a. Respondent has not registered or paid his fees since 2006. He did not cure his default in registration nor did he move for [*2]reinstatement.
Subsequently, the Attorney Grievance Committee (AGC) sought an order, pursuant to Judiciary Law §§ 90(2) and 486, immediately disbarring respondent, without further proceedings, for willfully engaging in the unauthorized practice of law in violation of our November 20, 2013 suspension order, or in the alternative, immediately suspending him from the practice of law on disciplinary grounds pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a), pending a hearing before a Referee, based on his admission under oath that he engaged in the unauthorized practice of law during his suspension as noted above, as well as the fact that he failed to pay a $100,000 money judgment obtained by his client against him, from which client he had solicited a loan.
By order entered March 28, 2017, we determined that respondent had engaged in the unauthorized practice of law in violation of our mass suspension order, and that such misconduct immediately threatened the public interest pursuant to 22 NYCRR 1240.9(a)(2). We declined at that time to find respondent's failure to satisfy his client's judgment as an additional ground for suspension because there were questions about whether his actions were willful. We also declined to disbar him at that time without further hearing, noting that his underlying suspension was based upon his failure to register with OCA and pay fees, not an interim suspension based upon conduct that immediately threatened the public interest, and respondent had represented that he was in the process of curing his attorney registration issues. We continued respondent's suspension in accordance with 22 NYCRR 1240.9(a)(2) until such time as disciplinary matter pending before the AGC were concluded, and until further order of this Court (149 AD2d 270 [1st Dept 2017]).
The AGC now moves for an order disbarring respondent from the practice of law on the ground that he was suspended under 22 NYCRR 1240.9(a)(2) and has "failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension" (22 NYCRR 1240.9[b]).
The AGC advises that respondent has still not brought himself in compliance with attorney registration statements, despite his previous assertion that he would. Additionally, the Lawyers' Fund for Client Protection has confirmed that in June 2017, it granted a $100,000 award to respondent's client reimbursing her for respondent's "dishonest conduct" and that, although respondent was notified in August 2017 of the award and a demand for repayment was made, he has not made restitution to the Fund.
Respondent opposes the motion as being premature and seeks an extension of his suspension for another six months so he can complete his re-registration and pay the appropriate fees. He states that had the AGC contacted him before bringing the motion, he would have made the request for a six-month extension to pay his fees and move for reinstatement. He alleges that his lack of funds has prevented him from paying his fees and retaining counsel to represent him in this matter and argues that the AGC "had an obligation to conduct further investigation to determine the efforts" he made to meet the registration requirements and by not doing so, he did not fail to respond or appear as alleged in the motion papers. In reply, the AGC contends the motion is not based upon respondent's failure to pay outstanding registration fees but rather because he failed to appear within six months of the March 2017 suspension order as required by 22 NYCRR 1240.9(a).
Respondent incorrectly attempts to place the blame for his failure to respond or appear within six months from the date of suspension on the AGC's failure to contact him to determine the status of his re-registration. This ignores the fact that our order continuing his suspension under 22 NYCRR 1240.9(a) was based upon his having engaged in the unauthorized practice of law in violation of our previous November 2013 "mass suspension" order and that the issue of whether he willfully failed to satisfy his client's judgment against him needed to be decided "only after a hearing" (149 AD3d at 273). Moreover, respondent fails to address the fact that the Lawyers' Fund granted an award to his client for $100,000 for his "dishonest conduct" and he has failed to make restitution to the Fund.
Accordingly, since more than six months have elapsed since our March 28, 2017 suspension order, and respondent has neither responded to, nor appeared for further investigatory or disciplinary proceedings, the AGC's motion for an order to strike respondent's name from the roll of attorneys and counselors-at-law pursuant to 22 NYCRR 1240.9(b) is granted, effective immediately, and until further order of this Court (Matter of Kelly, 155 AD3d 25 [1st Dept 2017]; Matter of Evans, 154 AD3d 187 [1st Dept 2017][attorney disbarred because of failure to take steps to appear before AGC within six months and his opposition raised conclusory and incredible defenses]).
All Concur.
Order filed. [April 17, 2018]
Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.