Matter of Cracolici (2019 NY Slip Op 04814)





Matter of Cracolici


2019 NY Slip Op 04814


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

[*1]
In the Matter of JAMES ALBERT CRACOLICI, an Attorney.
 
(Attorney Registration No. 4195806)

Calendar Date: November 5, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2004
and lists a business address in Eatontown, New Jersey. Based upon six separate complaints from former clients and three prior complaints arising from dishonored check notices, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) commenced multiple investigations into respondent's conduct. Alleging his failure to cooperate, AGC now moves to suspend respondent during the pendency of its investigations pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (1) and (3) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.9. Respondent has not replied to the motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a), a respondent may be suspended during the pendency of a disciplinary investigation upon a showing that he or she "has engaged in conduct immediately threatening the public interest." "Such conduct may be established by, among other things, proof that the respondent has defaulted in responding to a notice to appear for formal interview, examination, or pursuant to subpoena, or has otherwise failed to comply with a lawful demand of an attorney grievance committee in the course of its investigation" (Matter of DiStefano, 154 AD3d 1055, 1057 [2017] [citations omitted]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]).
As an initial matter, respondent has provided no response to AGC's motion and, thus, the allegations underlying the motion are uncontroverted (see Matter of Channing, 163 AD3d 1259, 1260 [2018]). Moreover, we note that respondent has demonstrated little interest in his law license throughout AGC's investigation, noting on several occasions that he has no intention of returning to the practice of law since he allegedly closed his office in 2015. In any event, although respondent initially provided letter responses to the allegations in the three earliest client complaints and appeared for an examination concerning his overdraft notices, he has taken no steps to comply with several follow-up requests for information regarding those investigations and has provided no response to AGC requests concerning the two most recent complaints. Further, respondent failed to appear for a scheduled examination under oath, and there is no evidence that he has attempted to reschedule the examination. Accordingly, we find that respondent has engaged in conduct that poses an immediate threat to the public interest and, [*2]therefore, grant AGC's motion and suspend respondent from the practice of law, effective immediately (see Matter of Barry, 166 AD3d 1373, 1374 [2018]). In connection with this order, we remind respondent of his affirmative obligation to respond or appear for further investigatory or disciplinary proceedings before AGC within six months of this order of suspension, and note that his failure to do so may result in his disbarment without further notice (see Matter of Fritzsch, 170 AD3d 1422, 1423 [2019]; Matter of Evans, 154 AD3d 187, 189-190 [2017]).
Egan Jr., J.P., Clark, Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).