Matter of McCoy-Jacien (2019 NY Slip Op 06122)





Matter of Mccoy-jacien


2019 NY Slip Op 06122


Decided on August 8, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: August 8, 2019
[*1]
In the Matter of PHYLLIS R. McCOY-JACIEN, a Suspended
 Attorney.
 (Attorney Registration No. 2908028)

Calendar Date: July 29, 2019




Before: Egan Jr., J.P., Clark, Devine, Aarons and Rumsey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
 Respondent was admitted to practice by this Court in 1998, after having previously been admitted in Vermont in 1989. In March 2017, we censured respondent upon a finding of misconduct in Vermont due to her failure to file income taxes in that state over a four-year period (148 AD3d 1420 [2017]). Respondent was later suspended in Vermont for a nine-month period due to her failure to comply with certain conditions imposed upon her as part of the earlier disciplinary proceeding, and we accordingly suspended her for one year in December 2018 due to her Vermont misconduct (167 AD3d 1414 [2018]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has since been investigating additional allegations against respondent stemming from complaints by two former clients. Alleging her failure to cooperate with its investigations, AGC now moves to suspend respondent for engaging in conduct immediately threatening the public interest pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (1), (3) and (5) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.9. Respondent has not replied to the motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a), a respondent may be suspended during the pendency of a disciplinary investigation upon a showing that he or she "has engaged in conduct immediately threatening the public interest." "Such conduct may be established by, among other things, proof that the respondent has defaulted in responding to a notice to appear for formal interview, examination or pursuant to subpoena, or has otherwise failed to comply with a lawful demand of an attorney grievance committee in the course of its investigation" (Matter of DiStefano, 154 AD3d 1055, 1056-1057 [2017] [citations omitted]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]).
Respondent's failure to respond to AGC's motion renders the allegations underlying the motion uncontroverted (see Matter of Channing, 163 AD3d 1259, 1260 [2018]). AGC has submitted evidence that respondent failed to respond to several notices directing her to respond to the allegations pertaining to the two separate complaints against her. Further, respondent failed to appear for a scheduled examination under oath and failed to provide certain requested documents in connection with that examination. Since that time, respondent has made no attempt to contact AGC to request an extension to provide the requested documents, to reschedule the examination or to indicate any desire to cooperate in the future. Accordingly, we [*2]find that respondent has "engaged in conduct immediately threatening the public interest" and suspend her, effective immediately, during the pendency of AGC's investigations (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]; see e.g. Matter of Cracolici, 173 AD3d 1430, 1431-1432 [2019]; Matter of Tan, 164 AD3d 1537, 1538 [2018])[FN1]. In connection with this order, we remind respondent of her affirmative obligation to respond or appear for further investigatory or disciplinary proceedings before AGC within six months of this order of suspension, noting that her failure to do so may result in her disbarment without further notice (see Matter of Fritzsch, 170 AD3d 1422, 1423 [2019]; Matter of Evans, 154 AD3d 187, 189-190 [2017]).
Egan Jr., J.P., Clark, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in her disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]); and it is further
ORDERED that the Attorney Grievance Committee for the Third Judicial Department is directed to serve a copy of this decision to respondent's address on file with the Office of Court Administration.



Footnotes

Footnote 1: We note that AGC also seeks respondent's interim suspension based upon uncontroverted evidence of misconduct stemming from her failure to fulfill her attorney registration requirements since the 2014-2015 biennial period and her failure to properly update her registration address (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706 [2019]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [5]). However, we need not address that part of the motion based on our determination concerning respondent's failure to cooperate with AGC's investigations.