Matter of Basch (2019 NY Slip Op 06850)





Matter of Basch


2019 NY Slip Op 06850


Decided on September 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 26, 2019

PM-148-19

[*1]In the Matter of Solomon Hertzel Basch, a Suspended Attorney. (Attorney Registration No. 2469484)

Calendar Date: September 16, 2019

Before: Mulvey, J.P., Devine, Aarons, Rumsey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 1981 and currently lists a business address in New Jersey. In May 2019, respondent was suspended by this Court based upon proof of his longstanding attorney registration delinquency since 2014 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1711 [2019]). He remains suspended to date.
During the three years preceding the instant motion, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has been investigating two complaints of potential misconduct on the part of respondent consisting of, among other misconduct, client neglect and failing to respond to various attempts by his clients to communicate with him concerning the status of their matters. Alleging his failure to cooperate with its investigations, AGC now moves for respondent's interim suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]; Rules of App Div, 3d Dept [22 NYCRR] § 806.9). Respondent has not submitted a response to the motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a), a respondent may be suspended during the pendency of a disciplinary investigation upon a showing that he or she "has engaged in conduct immediately threatening the public interest." Proof that a respondent has "'defaulted in responding to a notice to appear for formal interview, examination or pursuant to subpoena, or has otherwise failed to comply with a lawful demand of an attorney grievance committee in the course of its investigation'" is sufficient to establish such conduct (Matter of McCoy-Jacien, ___ AD3d ___, ___, 105 NYS3d 225, 226 [2019], quoting Matter of DiStefano, 154 AD3d 1055, 1057 [2017]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]).[FN1]
In 2017, AGC previously moved to suspend respondent based upon his failure to cooperate with its first investigation into his potential misconduct. Prior to the return date of that motion, respondent expressed to this Court and AGC that he was willing to cooperate with AGC's investigation, which ultimately precipitated AGC's withdrawal of the initial motion seeking to suspend him. Notwithstanding AGC's good-faith gesture and this Court's reminder of his continuing obligation to comply with any disciplinary investigation, respondent thereafter failed to adhere to any further requests for information and provided no indication that his cooperation was forthcoming (see Matter of Cracolici, 173 AD3d 1430, 1431 [2019]). Moreover, since the commencement of a second investigation into respondent's potential misconduct, he has provided no response to various correspondence from AGC directing him to address the allegations in the client complaint, failed to provide any of the requested documents in a notice of examination and failed to appear for the scheduled examination. Based on the foregoing, we conclude that respondent has engaged in conduct immediately threatening the public interest (see Matter of Tan, 164 AD3d 1537, 1538 [2018]; Matter of Croak, 148 AD3d 1451, 1452 [2017]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]). Accordingly, we grant AGC's motion and suspend respondent indefinitely during the pendency of the investigations. Further, we remind respondent that he has an affirmative obligation to respond or appear for further investigatory or disciplinary proceedings before AGC within six months of this order, and that a failure to do so may result in his disbarment without further notice (see Matter of Fritzsch, 170 AD3d 1422, 1423 [2019]; Matter of Evans, 154 AD3d 187, 189—190 [2017]).
Mulvey, J.P., Devine, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).



Footnotes

Footnote 1: We have deemed the allegations underlying AGC's motion uncontroverted based on respondent's failure to participate in these proceedings (see Matter of Channing, 163 AD3d 1259, 1260 [2018]).