Matter of Vinnitsky (2023 NY Slip Op 03974)

Matter of Vinnitsky

2023 NY Slip Op 03974

Decided on July 27, 2023

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 27, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Sallie Manzanet-Daniels
Justice Presiding
Cynthia S. Kern Ellen Gesmer Tanya R. Kennedy Julio Rodriguez III
Justices.

Motion No. 2023-01032 Case No. 2021-04581 

[*1]In the Matter of Oleg Vinnitsky, A Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Oleg Vinnitsky (OCA Atty. Reg. No. 4267423.), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Oleg Vinnitsky, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 25, 2004.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Peter Hertzog, of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent Oleg Vinnitsky was admitted to the practice of law by the First Judicial Department on October 25, 2004. At all times relevant to this matter, respondent maintained an office within the First Judicial Department.
In December 2021, the Attorney Grievance Committee (AGC) moved for an order pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(3) and Judiciary Law § 468-a immediately suspending respondent from the practice of law for his failure to comply with the AGC's lawful investigative demands and his failure to register as an attorney with the Office of Court Administration. Specifically, respondent failed to answer two complaints that, as seller's counsel, he took the buyers' deposits and failed to provide them with contracts of sale or refund their deposits, and he failed to appear for a deposition pursuant to a subpoena.
Respondent was served with the interim suspension motion pursuant to this Court's unpublished order of December 13, 2021, permitting service of the motion and any additional filings in this case upon respondent by email at two email addresses. Respondent defaulted on the motion.
By order entered March 17, 2022, this Court immediately suspended respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(3) and Judiciary Law § 468-a. On March 23, 2022, a notice of entry with a copy of the order of suspension was served upon respondent by email.
By motion dated February 27, 2023, the AGC seeks an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) on the ground that, on March 17, 2022, he was immediately suspended pursuant to 22 NYCRR 1240.9(a)(3) and Judiciary Law § 468-a and has neither responded to nor appeared for further investigatory or disciplinary proceedings since the date of his suspension more than six months ago.
Respondent's untimely and speculative opposition papers are both too late and too insubstantial to stave off disbarment (see Matter of Evans, 154 AD3d 187, 189 [1st Dept 2017]; Matter of Chadi, 243 AD2d 78, 79 [1st Dept 1998]). Indeed, respondent's untimely explanations that others were responsible for the apparent theft of client funds are "unsupported and conclusory" (Chadi, 243 AD2d at 79). Moreover, the possibility that respondent may be able to retrieve evidence that would "help the Committee track the funds at-issue," if given more time seems unlikely, as even respondent acknowledges.
Accordingly, inasmuch [*2]as six months have elapsed since this Court's March 17,
2022 suspension order, and respondent has neither responded to nor appeared for
further investigatory or disciplinary proceedings, the AGC's motion for an order
disbarring respondent pursuant to 22 NYCRR 1240.9(b) should be granted and his
name stricken from the roll of attorneys in the State of New York, effective immediately
(Matter of Greenblum, 207 AD3d 101 [1st Dept 2022]; Matter of Meltzer, 201 AD3d 28
[1st Dept 2021]; Matter of Frieary, 199 AD3d 1 [1st Dept 2021]; Matter of Kelley, 194
AD3d 47 [1st Dept 2021]).
All concur.
It is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for an order pursuant to 22 NYCRR 1240.9(b) disbarring respondent Oleg Vinnitsky is granted, and respondent is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately and until further order of this Court; and
It is further Ordered that pursuant to Judiciary Law § 90, the respondent, Oleg Vinnitsky, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney or counselor-at-law; and
It is further Ordered that respondent, Oleg Vinnitsky, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof, and
It is further Ordered that if the respondent Oleg Vinnitsky has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: July 27, 2023