Matter of Grant (2025 NY Slip Op 00400)

Matter of Grant

2025 NY Slip Op 00400

Decided on January 28, 2025

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 28, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Dianne T. Renwick
Presiding Justice
Tanya R. Kennedy David Friedman Manuel Mendez John R Higgitt
Justices.
 Motion No. 2024-03958 Case No.2023-05157
 In the Matter of GHENYA B. GRANT
A suspended attorney: Attorney Grievance Committee for the First Judicial Department
Petitioner
GHENYA B. GRANT (OCA Atty. Reg. No. 3053345)
Respondent.

Motion No. 2024-03958 Case No. 2023-05157 

[*1]In the Matter of Ghenya B. Grant, a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Ghenya B. Grant (OCA Atty. Reg. No. 3053345), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Ghenya B. Grant, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on July 26, 2000.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Derrick Magwood, Esq., for respondent.

PER CURIAM 

Respondent, Ghenya B. Grant, was admitted to the practice of law in the State of New York by the Second Judicial Department on July 26, 2000. At all times relevant respondent maintained a registered address in the First Judicial Department.
The Attorney Grievance Committee (Committee) sought an order pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1), (3), and (5), immediately suspending respondent from the practice of law predicated on allegations that she converted nearly $79,000 that had been tendered to her in her capacity as a referee in a foreclosure action. The Committee's motion was based on respondent's failure to comply with the Committee's investigation for about a year and a half by: (1) not appearing for an examination under oath as directed by judicial subpoena; (2) failing to provide identifying information, and statements for her attorney escrow account; and (3) failing to provide bank records.
The Committee served the motion for interim suspension on respondent's
counsel by email, on consent. The notice of motion included the following
statement:
"PLEASE TAKE FURTHER NOTICE that, pursuant to 22 NYCRR § 1240.9(b), an attorney who is suspended under NYCRR § 1240.9(a) and who has failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension, may be disbarred by the Court without further notice."
On January 4, 2024, this Court granted the Committee's motion and immediately
suspended respondent from the practice of law (Matter of Grant, 224 AD
3d 1 [1st Dept 2024]).
By notice of motion dated July 18, 2024, the Committee now seeks an order disbarring respondent pursuant to 22 NYCRR 1240.9(b), on the grounds that she was immediately suspended under NYCRR 1240.9(a) and has not responded or appeared for further investigative or disciplinary proceedings within six months of January 4, 2024. The Committee attaches to the motion papers a copy of the order with notice of entry and the affidavit of service on her counsel, also dated January 4, 2024, as proof that respondent had notice that she could be disbarred without further notice if she failed to appear and cooperate with the committee within six months.
Respondent by her attorney opposes the motion and states that she was waiting to be contacted by the Committee and seeks more time to appear and provide the [*2]documentation. However, during this six-month period she never attempted to contact the Committee and never provided the documentation that the committee requested from her. Despite her counsel's statements that respondent now understands this is a serious matter and is committed to complying with the Committee's requests, given her history, there is no guarantee that she will provide copies of her bank records and attorney escrow account. Furthermore, she could have provided copies of the requested records as exhibits to her opposition papers. Respondent's attempt to seek additional time while transferring the onus for her failure to respond or appear within six months from the date of suspension onto the Committee for failure to contact her, is unavailing. Her counsel's conclusory and vague suggestion that he believes she understands this is a serious matter and is committed to complying, amounts to no more than a promise of future cooperation. There is no evidence given respondent's history of substantial delay and failure to comply with the Committee's inquiries as to the $79,000 at issue, which already resulted in her suspension, that providing her additional time would result in the retrieval of relevant documents or result in a different outcome (see Matter of Vinnitsky, 217 AD3d 76, 77-78 [1st Dept 2023]; Matter of Rosenbaum, 161 AD3d 91, 93-94 [1st Dept 2018]; Matter of Evans, 154 AD3d 187 [1st Dept 2017]; Matter of Chadi, 243 AD2d 78, 79 [1st Dept 1998]).
Accordingly, inasmuch as at least six months have elapsed since this Court's January 4 ,2024 suspension order, and respondent has neither responded nor appeared for further investigatory or disciplinary proceedings, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) should be granted and her name stricken from the roll of attorneys in the State of New York, effective immediately (see Matter of Tessler, 223 AD3d 102 [1st Dept 2024]; Matter of Meettook, 213 AD3d 151 [1st Dept 2023]; Matter of Greenblum, 207 AD3d 101 [1st Dept 2022]; Matter of Meltzer, 201 AD3d 28 [1st Dept 2021]).
All concur.
Wherefore, it is Ordered that the Attorney Grievance Committee for the First Judicial Department's motion for an order pursuant to 22 NYCRR 1240.9(b) disbarring respondent Ghenya B. Grant is granted, and respondent is disbarred, and her name stricken from the roll of attorneys in the State of New York, effective the date hereof and until further order of this Court, and
It is further Ordered that pursuant to Judiciary Law § 90, the respondent Ghenya B. Grant is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney [*3]and counselor-at-law; and
It is further Ordered that respondent Ghenya B. Grant shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof: and
It is further Ordered that if respondent Ghenya B. Grant has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: January 28, 2025