Matter of King (2025 NY Slip Op 01426)

Matter of King

2025 NY Slip Op 01426

Decided on March 13, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 13, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels Justice Presiding
Tanya R. Kennedy David Friedman Manuel Mendez LlinÉt M. Rosado
Justices.

Motion No. 2025-00203|Case No. 2024-00846|

[*1]In the Matter of Michael Orrin King, Jr. A Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Michael Orrin King, Jr. (OCA Atty Reg. 5783071), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Michael Orrin King, Jr., was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on January 23, 2020.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Jun H. Lee, of counsel), for petitioner
Respondent pro se.

Per Curiam 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Michael Orrin King, Jr., was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on January 23, 2020.
Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Jun H. Lee, of counsel), for petitioner
Respondent pro se.
Motion No. 2025-00203 — February 3, 2025
In the Matter of Michael Orrin King, Jr., a suspended attorney
Per Curiam
Respondent Michael O. King, Jr. was admitted to the practice of law in the State of New York by the Third Judicial Department on January 23, 2020, under the name Michael Orrin King, Jr. At all times relevant to this proceeding, respondent maintained a registered address in the First Judicial Department.
On January 29, 2024, the Attorney Grievance Committee (AGC) sought an order under Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a)(3) to immediately suspend respondent from the practice of law on an interim basis, based on his failure to comply with its lawful demands in an investigation by failing to submit answers to six of eight complaints, failure to provide a chronology of work performed on the matters subject of the complaints, and failing to provide client files. Despite having been served with the AGC motion, respondent did not oppose it or otherwise appear.
The complaints were made by clients who retained respondent to represent them in child custody, probate, divorce, domestic relations, and related family matters. The clients complained that respondent failed to diligently represent them, neglected their matter, failed to communicate with them and failed to refund fees. In one complaint, the client alleged he failed to commence a divorce action.
By order entered June 11, 2024, this court granted the AGC motion and immediately suspended respondent from the practice of law, pursuant to 22 NYCRR 1240.9(a)(3) based on the failure to comply with the Committee's demands.
The AGC January 26, 2024, notice of motion to immediately suspend, which was personally served on respondent at the last address he registered with the Office of Court Administration, included the following notice:
"PLEASE TAKE FURTHER NOTICE, that pursuant to 22 NYCRR 1240.9(b), an attorney who is suspended under § 1240.9(a) and who has failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension may be disbarred by the Court without further notice"
Now, by notice of motion dated January 9, 2025, the AGC seeks an order disbarring respondent pursuant to 22 NYCRR 1240.9(b), on the ground that he was immediately suspended pursuant to 22 NYCRR 1240.9(a)(3) and has neither responded to nor appeared for further investigatory or disciplinary proceedings within six months of the date of his suspension. The motion to disbar [*2]was served via email, as permitted under 22 NYCRR 1240.9(b). Respondent did not submit a response. The AGC attached to the motion papers a copy of the order with notice of entry and the affidavit of service on respondent, also dated January 9, 2025, as proof that respondent had notice that he could be disbarred without further notice if he failed to appear and cooperate with the AGC within six months.
Accordingly, inasmuch as at least six months have elapsed since this Court's June 11, 2024 suspension order, and respondent has neither responded nor appeared for further investigatory or disciplinary proceedings, the AGC motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) should be granted and respondent's name stricken from the roll of attorneys in the State of New York, effective immediately (see Matter of Amankwaa, 232 AD3d 82 [1st Dept 2024]; Matter of Tessler, 223 AD3d 102 [1st Dept 2024]; Matter of Vinnitsky, 217 AD3d 76 [1st Dept 2023]).
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for an order pursuant to 22 NYCRR 1240.9(b), disbarring respondent Michael Orrin King, Jr., is granted, and respondent is disbarred and his name stricken from the roll of attorneys in the State of New York, effective immediately, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Michael Orrin King, Jr., is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Michael Orrin King, Jr., shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Michael Orrin King, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: March 13, 2025