Matter of Frieary (2021 NY Slip Op 04790)





Matter of Frieary


2021 NY Slip Op 04790


Decided on August 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 26, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Troy K. Webber
Cynthia S. Kern
Angela M. Mazzarelli
Lizbeth González, JJ.


Motion No. 2021-02270 Case No. 2020-03439 

[*1]In the Matter of Paul W. Frieary, a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Paul W. Frieary, (OCA Atty. Reg. No. 1840784) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 10, 1982.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Yvette A. Rosario, of counsel), for petitioner.
Respondent, pro se.



Per Curiam 


Respondent Paul W. Frieary was admitted to the practice of law in the State of New York by the Second Judicial Department on March 10, 1982. At all times relevant to this proceeding, respondent maintained a law office within the First Judicial Department.
On September 8, 2020, the Attorney Grievance Committee (Committee) served respondent with a motion to immediately suspend him from the practice of law based upon his failure to cooperate with the Committee's investigation of five complaints made against him, uncontroverted evidence of professional misconduct, namely, bank records evidencing conversion and/or misappropriation of client funds and his failure to register with the Office of Court Administration (OCA) and pay required fees.
By order entered November 5, 2020 (190 AD3d 7 [1st Dept 2020]), this Court granted the Committee's motion and immediately suspended respondent pursuant to the Rules (22 NYCRR) § 1240.9 (a)(1), (3) and (5), and until further order of the Court. On November 10, 2020, the Committee served respondent by email with a Notice of Entry containing a copy of the Court's November 5, 2020 suspension order.
Now, by notice of motion dated July 2, 2021, the Committee seeks an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) on the ground that he has neither responded to nor appeared for further investigatory or disciplinary proceedings within six months from the date of the order of suspension. The motion also states that there is further evidence of respondent's serious misconduct, including his continued practice of law following his suspension and failure to answer the allegations of a further complaint made against him. Respondent has not submitted a response to the Committee's motion.
The motion should be granted, inasmuch as six months have elapsed since the date of respondent's suspension and he has neither responded to nor appeared for further investigatory or disciplinary proceedings (see Matter of Kelley, 194 AD3d 47 [1st Dept 2021]; Matter of Shapiro, 184 AD3d 352 [1st Dept 2020]; Matter of Dunn, 182 AD3d 129 [1st Dept 2020]).
Accordingly, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) is granted and his name is stricken from the roll of attorneys in the State of New York, effective immediately.
All concur.
It is ordered that the Attorney Grievance Committee for the First Judicial Department's motion for an order pursuant to 22 NYCRR 1240.9 (b) disbarring respondent, Paul W. Frieary, is granted, and respondent is disbarred and his name stricken from the roll of attorneys in the State of New York, effective immediately and until further order of this Court, and
It is further ordered that pursuant to Judiciary Law §?90, the respondent, Paul W. Frieary, is commanded to desist and refrain from (1) practicing law in any form, either as principal [*2]or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further ordered that respondent, Paul W. Frieary, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and
It is further ordered that if respondent, Paul W. Frieary, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered. August 26, 2021