Matter of Greenblum (2022 NY Slip Op 04522)

Matter of Greenblum

2022 NY Slip Op 04522

Decided on July 12, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 12, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Anil C. Singh,J.P.,
Lizbeth González
Tanya R. Kennedy
Saliann Scarpulla
Martin Shulman, JJ.

Motion No. 2022-02069 Case No. 2022-02433 

[*1]In the Matter of Justin A. Greenblum, (Admitted as Justin Adam Greenblum), a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Justin A. Greenblum, (OCA Atty. Reg. No. 4301420), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on April 27, 2005.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Orlando Reyes, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Justin A. Greenblum was admitted to the practice of law in the State of New York by the Second Judicial Department on April 27, 2005 under the name Justin Adam Greenblum. He was engaged in the practice of law within the First Judicial Department during certain of the events at issue.
In June 2021, the Attorney Grievance Committee (the Committee) moved pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1) and (3) and Judiciary Law § 468-a(2), to immediately suspend respondent from the practice of law due to his immediate threat to the public interest based upon his refusal to comply with court ordered subpoenas and willful failure to cooperate with the Committee's investigation into four complaints filed against him that alleged, inter alia, that he took advance legal fees without providing legal services or returning the unearned legal fees. The interim suspension motion was personally served upon respondent, but he defaulted on the motion.
On September 16, 2021, this Court granted the Committee's motion and immediately suspended respondent from the practice of law (Matter of Greenblum, 199 AD3d 84 [1st Dept 2021]).
On September 21, 2021, the Committee emailed respondent with a copy of the order of suspension and served respondent with notice of entry via first class mail and certified mail return receipt requested. The Committee's prior notice of motion to suspend contained the following notice:
"PLEASE TAKE FURTHER NOTICE that pursuant to 22 NYCRR 1240.9(b), an attorney who has failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension may be disbarred by the Court without further notice."
Further, by email dated March 4, 2022, the Committee directed respondent to submit an answer to a disciplinary complaint filed against him on January 6, 2022 and noted that despite giving him notice of his September 16, 2021 suspension, he has not contacted the Committee "in any regard, including as it pertains to complaints against you under active investigation." Respondent did not comply or otherwise respond.
The Committee now seeks an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) on the ground that he was immediately suspended pursuant to 22 NYCRR 1240.9(a)(1) and (3) and Judiciary Law § 468-a, and has neither responded to nor appeared for further investigatory or disciplinary proceedings since the date of his suspension, more than six months ago. The current motion to disbar respondent, who is proceeding pro se, was served on respondent by first class mail and certified mail return receipt requested, as well as by email, but he has not submitted a response.
Accordingly, as six months have elapsed since this Court's September 16, 2021 suspension order, and respondent has neither responded to, nor appeared [*2]for, further investigatory or disciplinary proceedings, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) should be granted and his name stricken from the roll of attorneys in the State of New York, effective immediately (Matter of Meltzer, 201 AD3d 28 [1st Dept 2021]; Matter of Frieary, 199 AD3d 1 [1st Dept 2021]; Matter of Kelley, 194 AD3d 47 [1st Dept 2021]; Matter of Shapiro, 184 AD3d 352 [1st Dept 2020]; Matter of Dunn, 182 AD3d 129 [1st Dept 2020]).
All concur.
IT IS ORDERED that the Attorney Grievance Committee for the First Judicial Department's motion for an order pursuant to 22 NYCRR 1240.9 (b) disbarring respondent, Justin A. Greenblum, admitted as Justin Adam Greenblum, is granted, and respondent is disbarred and his name stricken from the roll of attorneys in the State of New York, effective immediately and until further order of this Court, and
IT IS FURTHER ORDERED that, pursuant to Judiciary Law § 90 respondent Justin A. Greenblum, admitted as Justin Adam Greenblum, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that respondent Justin A. Greenblum, admitted as Justin Adam Greenblum, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
IT IS FURTHER ORDERED that if respondent Justin A. Greenblum, admitted as Justin Adam Greenblum, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: July 12, 2022