Matter of Fox (2022 NY Slip Op 05142)

Matter of Fox

2022 NY Slip Op 05142

Decided on September 13, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 13, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Barbara R. Kapnick
Anil C. Singh
Lizbeth González
Tanya R. Kennedy, JJ.

Motion No. 2022-01909 Case No. 2021-00782 

[*1]In the Matter of Stephen L. Fox, (Admitted as Stephen Lawrence Fox), a Suspended Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Stephen L. Fox, (OCA Atty. Reg. No. 2310274.) Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on February 5, 1990.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Vitaly Lipkansky, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Stephen L. Fox was admitted to the practice of law in the State of New York by the First Judicial Department on February 5, 1990, under the name Stephen Lawrence Fox. At all times relevant to this proceeding, he maintained an office in Connecticut. This Court maintains jurisdiction based upon his admission for the practice of law within the First Judicial Department (Rules for Attorney Disciplinary Matters [22 NYCRR] §1240.7 [a] [2]).
In February 2021, the Attorney Grievance Committee (Committee) sought respondent's immediate suspension from the practice of law pursuant to 22 NYCRR 1240.9(a)(3) based upon his failure to cooperate with the Committee's sua sponte investigation into three checks totaling $16,458 issued from his IOLA account that were dishonored due to insufficient funds.
By order entered June 29, 2021 (Matter of Fox, 197 AD3d 36 [1st Dept 2021]), this Court granted the motion pursuant to 22 NYCRR 1240.9(a)(3), and immediately suspended respondent from the practice of law and until further order of the Court. This Court found an interim suspension was warranted where respondent failed to comply with Committee's lawful demands for bookkeeping records and other documents pursuant to its investigation of the dishonored checks. While respondent partially cooperated by producing some of the requested bookkeeping records and appearing for a deposition, he had not produced the bulk of the records, including his ledger and retainer agreements.
On July 1, 2021, the Committee served respondent with a notice of entry enclosing a copy of this Court's order of suspension. The notice of entry was served on counsel for respondent by email, priority mail and certified return receipt requested.
Respondent responded by email confirming receipt.
On January 10, 2022, the Committee sought an order disbarring respondent pursuant to 22 NYCRR 1240.9(b), without further proceedings, on the ground that he had neither responded to nor appeared for further investigatory or disciplinary proceedings within six months from the date of the order of suspension.
In opposition to the Committee's motion, respondent, appearing pro se, filed a cross motion seeking an order vacating his interim suspension and reinstating him to the practice of law while he cooperates with the Committee in the underlying matter. Respondent asserted that he "was the victim of a well-documented sophisticated scam that has robbed me of my family and professional life, home, credibility and finances." Specifically, respondent claimed that he has been a victim of a "Haitian related crime gang" and that his fear stopped him from cooperating with the Committee's investigation.
By order entered March 17, 2022, this Court denied the Committee's motion to disbar, albeit "with leave to renew, should respondent fail to comply with the outstanding investigative demands and provide [*2]the information and documents requested ... [by] the Committee within thirty (30) days from the date of service upon him of a copy of this order, with notice of entry." By the same order, this Court also denied respondent's cross motion.
Pursuant to this Court's order, on March 18, 2022, the Committee served respondent with notice of entry of our March 17, 2022, order by email and priority mail, which respondent has acknowledged having received.
Now the Committee renews its motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9(b), on the ground that he has neither responded to nor appeared for further investigatory or disciplinary proceedings within six months from the date of the order of suspension (June 29, 2021) and has failed to fully comply with the Committee's investigative requests and the Court's subpoena "notwithstanding having received an additional 30 days to do so."
The Committee sets forth a list of the documents requested during respondent's deposition in January 2020, which he has still failed to provide: 1) bank statements for respondent's operating account for September and October 2018; 2) an affidavit from his client (JP) as to the investment transaction at issue and evidence that the client was aware that the borrower had defaulted and that he was repaid from respondent's personal funds; 3) emails from the alleged defaulting party memorializing that respondent was trying to obtain funds from him; 4) an affidavit from the bank teller whom respondent purportedly instructed to cancel the three dishonored escrow checks that triggered the Committee's investigation; 5) evidence that he was a victim of financial fraud which purportedly caused him to use his escrow account for personal purposes: (6) bank statements, canceled checks, deposit slips, and a ledger from respondent's attorney escrow account from October 2018 to February 2019; (7) the retainer agreement for his client JP; (8) the retainer agreement for another client
(CMA); and 9) metadata regarding respondent's initial answer to the complaint. The Committee had also requested (in July 2020) for respondent to complete and return an Excel spreadsheet for his escrow account prepared by the Committee's accountant.
In his opposition, respondent argues that he "did respond to discovery as instructed by this Court." Respondent also refers to exhibits, namely the Excel spreadsheet with his handwritten notations identifying missing client information,[FN1] and documents related to his representation of two clients both of which are unrelated to the Committee's investigation. Respondent again denies any "financial hanky-panky as to the three checks at issue," explaining that there was no taking funds from one client to cover another, rather, he used his own funds to cover the funds that had not appeared timely, and he avers that the Excel chart exhibit "is most self-explanatory."
We find that respondent's opposition presents no meritorious arguments warranting [*3]denial of the Committee's motion to disbar pursuant to 22 NYCRR 1240.9(b). Respondent has failed to avail himself of the second chance provided by this Court to turn over all of the documents the Committee has been seeking for more than 2½ years. While he did complete the Excel spreadsheet, the remaining documents he attached to his opposition papers involve a completely unrelated client matter that are irrelevant to this disciplinary proceeding and investigation. Respondent also proffers only vague, unsupported and incredible explanations for his pattern of delay and evasion that has impeded the Committee's investigation.
Accordingly, inasmuch as more than six months have elapsed since this Court's June 29, 2021 suspension order, and respondent has not responded, or appeared for further investigatory or disciplinary proceedings, the Committee's motion for an order disbarring respondent, pursuant to 22 NYCRR 1240.9(b), should be granted (see Matter of Frieary, 199 AD3d 1 [1st Dept 2021]; Matter of Kelley, 194 AD3d 47 [1st Dept 2021]), and his name is stricken from the roll of attorneys in the State of New York, effective immediately.
All concur. IT IS ORDERED that the Attorney Grievance Committee for the First Judicial Department's renewed motion for an order pursuant to 22 NYCRR 1240.9(b) disbarring respondent, Stephen L. Fox, admitted as Stephen Lawrence Fox, is granted, and respondent is disbarred and his name stricken from the roll of attorneys in the State of New York, effective immediately and until further order of this Court, and IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90, the respondent, Stephen L. Fox, admitted as Stephen Lawrence Fox, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that respondent, Stephen L. Fox, admitted as Stephen Lawrence Fox, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and IT IS FURTHER ORDERED that if respondent, Stephen L. Fox, admitted as Stephen Lawrence Fox, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: September 13, 2022

Footnotes

Footnote 1: In providing the Excel spreadsheet to respondent, the Committee had asked him to fill out the "CLIENT MATTER column in order to attribute each disbursement and deposit to a particular client or legal matter.